Mr. Justice Nott
delivered the opinion of the court.
The rules by which this court is usually go-verned in an application for a new trial are so trite, that a repetition of them would appear like telling an old story, with which every one had become familiar; yet in every case we may expect to find a specific difference. A peculiar trait in the character of this case, is that both the prosecutor and the defendant claimed the property, and the prosecutor was the only witness to establish his own right. And I doubt very much, whether a person ought ever to be convicted of a felony, on the uncorroborated testimony of a prosecutor who claims the property in question where the defendant also sets up a title in himself. If the defendantrcould have been allowed his oath, there is very little doubt but he would have sworn with equal confidence that the hogs -jit question were his own. The transaction was not attended with any of the usual concomitants of larceny. The hogs were kept publicly and fed about his house. The prosecutor certainly could not have recovered them in a civil action, because he could not have been a witness himself. But on the contrary, I think these was testimony enough to have authorized the defendant to recover from him. Our laws would seem to fall short of that perfection of reason, which we are disposed to ascribe to them, if a prosecutor might upon his own oath only, convict a person of stealing his property, the value of which the person so •convicted, might immediately turn .about and recover from him. The difficulty of identifying animals of this description, goes very far in m37 opinion, to weaken the testimony of the prosecutor; while the fact, that tfier^ *484 never war; at any time an attempt on the part of the deferí dant to conceal them, strengthens very much his claim to a new trial. ■
Huntington, for the motion.
Evans, solicitor, contra.
I am of opinion therefore, that the motion ought to be granted.
Justices Huger, Gantt and Johnson, concurred,